19-2405-cv
*Mills-Sanchez v. State University of New York Research Fund et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty.

PRESENT:    José A. Cabranes,
            Barrington D. Parker,
            Reena Raggi,
                    *Circuit Judges.*

_____

Shawntell Mills-Sanchez,

               *Plaintiff-Appellant,*                          19-2405-cv

               v.

State University of New York Research
Foundation, Professional Development
Program, State University of New York
Research Foundation for Mental Hygiene,
The Research Foundation for the State
University of New York, John Thompson,
Pamela Potter-Reger, Deborah McGuire,
Eugene Monaco, Research Foundation for
Mental Hygiene, Inc., Joanne Trinkle,
Welfare Research, Inc., Lee Lounsbury,

               *Defendants-Appellees,*

NEW YORK STATE OFFICE OF CHILDREN AND FAMILY
SERVICES,

     *Defendant.*[*]

---

**FOR PLAINTIFF-APPELLANT:**       VINCENT U. UBA, Albany, NY.

**FOR DEFENDANTS-APPELLEES:**      MICHAEL D. BILLOK, Bond, Schoeneck &
                      King, PLLC, Saratoga Springs, NY.

Appeal from a July 9, 2019 judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

  **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

  Plaintiff-Appellant Shawntell Mills-Sanchez ("Mills-Sanchez" or "Plaintiff") appeals from a District Court judgment dismissing her employment discrimination, hostile workplace, constructive discharge, retaliation, and conspiracy claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

  Mills-Sanchez, a black woman, alleges that while she worked at Defendant-Appellee State University of New York Research Foundation ("SUNYRF"), colleagues made racist comments about her and other black employees, discriminated against her and other black employees in hiring

---

[*] The Clerk of Court is respectfully directed to amend the official caption as listed above.

[1] On appeal, Mills-Sanchez challenges the District Court's dismissal of the following claims: (1) race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (*see* 42 U.S.C. §§ 2000e–2000e-17) against Defendants-Appellees Research Foundation for Mental Hygiene ("RFMH") and State University of New York Research Foundation ("SUNYRF"); (2) race discrimination and retaliation in violation of the New York State Human Rights Law (*see* N.Y. Exec. Law §§ 290–301) against Defendants-Appellees SUNYRF, RFMH, John Thompson ("Thompson"), Pamela Potter-Reger ("Potter-Reger"), Eugene Monaco ("Monaco"), Deborah McGuire ("McGuire"), and Joanne Trinkle ("Trinkle"); (3) race discrimination and retaliation in violation of 42 U.S.C. § 1981 against Defendants-Appellees SUNYRF, RFMH, Thompson, Potter-Reger, Monaco, McGuire, and Trinkle; (4) deprivation of equal protection of the law under color of law in violation of 42 U.S.C. § 1983 against Defendants-Appellees SUNYRF and Thompson; and (5) conspiracy to violate Mills-Sanchez's federally protected rights in violation of 42 U.S.C. §§ 1983 & 1985 against SUNYRF, RFMH, Thompson, Potter-Reger, Monaco, McGuire, and Trinkle.

and promotional opportunities, and discriminated against her in performance reviews and in miscellaneous terms and conditions of employment because of her race—all despite multiple complaints made over several years. Mills-Sanchez further alleges that after racial discrimination and indifference of management to her complaints forced her to resign, SUNYRF conspired with other employers, including the other defendants-appellees, to "blacklist" her, resulting in loss of employment and employment opportunities.

Mills-Sanchez filed her initial complaint in this action in the District Court on June 21, 2018, and her amended complaint ("Amended Complaint")—the operative pleading—on September 5, 2018.[2] The defendants who had been served in the action ("Active Defendants")[3] then moved to dismiss the Amended Complaint.

In a painstaking 51-page Memorandum-Decision and Order of June 20, 2019 ("Memorandum and Order"), the District Court held that all Plaintiff's numerous claims were (1) facially time barred and/or (2) dependent on vague, conclusory, irrelevant, incomplete, or otherwise deficient factual allegations that did not satisfy the pleading standards set out by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Among other deficiencies, the District Court noted that the Amended Complaint (1) failed to allege sufficiently "severe" harassment to support a hostile workplace or constructive discharge claim; (2) failed to support Plaintiff's failure to hire/promote claims with allegations of circumstances raising an inference of discrimination; (3) failed to support Plaintiff's retaliation claims with allegations raising an inference of a causal connection between any protected activity and any adverse employment action; (4) failed to support Plaintiff's Section 1983 claims with nonconclusory allegations showing a nexus between unlawful acts and any governmental entity; and (5) failed, in support of Plaintiff's conspiracy claims, to plausibly allege that any of the Active Defendants entered into an agreement to violate Plaintiff's federal rights. Accordingly, the District Court dismissed the Amended Complaint and entered judgment on July 9, 2019. This appeal followed on August 3, 2019.

---

[2] On February 28, 2019, the District Court granted Mills-Sanchez's request to file a motion to amend the Amended Complaint, but Mills-Sanchez did not file such a motion.

[3] There is no record that defendants below Welfare Research, Inc. ("WRI"), Lee Lounsbury ("Lounsbury"), or New York State Office of Children and Family Services ("NYSOCFS") (together, "Passive Defendants") were ever served in this action. On July 3, 2019 Mills-Sanchez informed the District Court that she had decided to discontinue her claims against the Passive Defendants. Accordingly, on July 9, 2019, the District Court dismissed the action against the Passive Defendants. Plaintiff now lists Lounsbury and WRI as defendants-appellees, but identifies no claims being brought against them on appeal.

We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss. *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). Applying that standard, we agree with the District Court that the Amended Complaint fails to state any timely claims for relief against any of the defendants-appellees. Mills-Sanchez's arguments to the contrary on appeal are without merit. Therefore, substantially for the reasons stated by the District Court in its Memorandum and Order, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4